RECEIPT # 58747
AMOUNT $ 150
SUMMONS ISSUED Y-Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 9-16-04

UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

CIVIL ACTION
NO:

Thomas Boughey and Susan Schurman )
    Plaintiff )
)
v. )
)
Maynard Police Officer, James Dawson, )
Maynard Police Officer Thomas Newfell, )
The Town of Maynard and )
Robert K. Brooks, Fowler School )
    Defendants )

04 CV 12010 WGY

MAGISTRATE JUDGE _____

## COMPLAINT

### Plaintiff Demand A Trial By Jury To All Issues At Law And Equity

1.

The Plaintiff, Thomas Boughey, resides at 40 Brown Street, Maynard, Massachusetts, County of Middlesex 01754.

2.

The Plaintiff, Susan Schurman, resides at 40 Brown Street, Maynard, Massachusetts, County of Middlesex 01754.

3.

The Defendant, Maynard Police Officer, James Dawson, is employed by the Town of Maynard at One Summer Street, Maynard, Massachusetts, County of Middlesex 01754.

4.

The defendant, Maynard Police Officer, Thomas Newfell, is employed

by The Town of Maynard at One Summer Street, Maynard, Massachusetts, County of Middlesex 01754.

5.

The Defendant, The Town of Maynard, Town Hall, Maynard, Massachusetts, County of Middlesex 01754 is a municipality in the Commonwealth of Massachusetts.

6.

The Defendant, Robert K. Brooks, Fowler School, 3 Tiger Drive, Maynard, Massachusetts, County of Middlesex 01754 is the Principal of Fowler School.

7.

Thomas Boughey and Susan Schurman are the parents of Christopher Schurman, a student at Fowler Middle School.

8.

On or about Friday, March 26, 2004, Thomas Boughey and Susan Schurman were in the principal's office, Richard K. Brooks at approximately 2:50 p.m.

9.

Thomas Boughey and Susan Schurman were concerned over the condition of their son, Christopher Schurman. According to Diagnostic Evaluation by Isabel L. Stevens, Psy.D. Licensed Psychologist:

"His (Christopher) medical history is remarkable for petit-mal seizures for which he does not take mediation. He also had a head injury when he was younger which required stitches to close. He currently takes

20 mg. Ritalm SR during the school week. . ."

"From this brief evaluation, there is reason to suspect that Chris' current IEP may not fully address his needs, as has been suggested by Chris' principal, teachers and others involved with his education. Chris should therefore participate in a full neuropsychological and personality assessment in order to better clarify his cognitive and emotional functioning, to ensure that he is provided with an evaluation plan that fits his needs.

10.

Thomas Boughey and Susan Schurman were at Principal, Robert K. Brooks' office on serious issues and concerns regarding their son, Christopher at Fowler Middle School.

11.

Principal, Robert K. Brooks, has been in conflict with Susan Schurman for a number of years on the issues of override, budgets and school spending.

12.

Brooks threatened to get even with Schurman a number of times due to their differences in school budgets and spending. Schurman led a campaign three times against 2 1/2 override and Brooks.

13.

The meeting in Brooks' office on March 26, 2004 concerned serious matters on the health and education of Christopher.

14.

At 2:50 p.m., Friday, March 26, 2004, Brooks summoned The Maynard Police: Thomas Newfell and James Dawson to his office at Fowler Middle

School to remove Boughey and Schurman.

15.

At all times, Boughey and Schurman were behaving in an appropriate manner articulating their concerns over Christopher's education.

16.

Upon the directive of Robert K. Brooks, Boughey and Schurman were physically removed from Brooks' office at Fowler Middle School without resolving any issues concerning Christopher.

17.

Maynard Police Officers Dawson and Newfell were bullying Boughey with their stomachs and trying to intimidate Boughey to fight with them. This was done in the presence of Susan Schurman.

18.

Accordingly, Maynard Police Officer Dawson and Maynard Police Officer Newfell followed Boughey around in their automobiles for a number of weeks in order to intimidate Boughey.

19.

On or about March 26, 2004, Maynard Police Officer James Dawson issued a criminal trespass warning against Boughey under directive of Robert Brooks:

"This is to inform you that effective immediately, you are prohibited from entering in or upon the premises and property of Fowler School, 3 Tiger Drive, Maynard Mass. 01754. . . . Massachusetts General Laws, Chapter 266, Section 120. "Entry upon private property after being

forbidden as trespass, arrest". . . .

Any attempt on your part to trespass in or upon these premises will result in immediate police action for your removal. Charges will be filed against you for trespass and <u>you will be criminally prosecuted</u>."

20.

After the order issued by Maynard Police on March 26, 2004, Thomas Boughey, a citizen of Maynard, Massachusetts requested he be allowed to vote and attend town meeting held at Fowler Middle School.

21.

Sgt. James Dawson, Maynard Police Department, stated to Boughey that if Boughey wanted to vote or attend town meetings which are both held at Fowler Middle School, Boughey must write a letter to Principal Robert Brooks asking for forgiveness.

22.

Boughey declined to write such a letter, as demeaning, coercive an a violation of his constitutional rights not advanced in good faith.

23.

Thomas Boughey is a graduate of the University of Toledo, B.A. Compute Sciences - Bronze Strux, honorable discharge (22 years) U.A. Army, served in Vietman, Gulf War.

24.

Brooks, Dawson and Newfell made Boughey pick up his son, Christopher at the Boy's Club parking lot and not at Fowler Middle School. This procedure humiliates Christopher and Boughey in the eyes of the

community.

25.

On numerous occasions from March 26, 2004 to the present, Maynard Police Officers Dawson and Newfell have followed Boughey's automobile in their Maynard Police cruisers, harassing Boughey.

## COUNT ONE

### Violations of 42 U.S. Code Section 1983 Against James Dawson, Thomas Newfell, Robert K. Brooks, Town of Maynard As A Civil Action For Deprivation of Civil Rights of Thomas Boughey and Susan Schurman Pursuant to 42 U.S. Code 1983 Under Color of State Law

26.

The plaintiffs incorporate by reference paragraphs one through twenty-five.

27.

The plaintiffs contend that James Dawson, Thomas Newfell, Robert Brooks, The Town of Maynard, who under Color of State Law have deprived the plaintiffs of their rights, privileges or immunities secured by the constitution and laws. James Dawson, Thomas Newfell, Robert Brooks and Town of Maynard shall be liable to Thomas Boughey and Susan Schurman for under color of state laws using extensive force, coercion, intimidation have deprived plaintiffs of their First, Fourth, Fifth, Sixth and Fourteenth amendment rights.

## **COUNT TWO**

### **Tort of Slander and Libel against James Dawson, Thomas Newfell, Town of Maynard and Robert Brooks**

28.

The plaintiff incorporates by reference paragraphs one through twenty-seven.

29.

The plaintiffs allege the defendants did defame their good name within a respectable class of the community with false allegations of criminal violence and trespass to third parties holding plaintiff up to hatred, ridicule and contempt within a respectable class in the community.

## **COUNT THREE**

### **Tort of Intentional Infliction of Emotional Distress Against Defendants**

30.

The plaintiff incorporates by reference paragraphs one through twenty-nine.

31.

The defendants allege the defendants did inflict emotional distress intentionally upon them by smearing their good name in the community as violent criminals.

WHEREFORE, plaintiffs request money damages, actual and punitive, interest, costs and reasonable attorneys fees.

The plaintiffs,
By their attorney,

_____
Damon Scarano, Esquire
Attorney At Law
60 Commercial Wharf
Boston, MA  02110