UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS BOUGHEY and<br>SUSAN SCHURMAN,<br>    Plaintiffs,<br><br>v.<br><br>TOWN OF MAYNARD, JAMES<br>DAWSON, THOMAS NEWFELL<br>and ROBERT K. BROOKS,<br>    Defendants | C.A. NO.: 2004-12010 WGY |

## DEFENDANTS JAMES DAWSON, THOMAS NEWFELL LAND ROBERT K. BROOKS' ANSWER AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

### First Defense

The Complaint does not state a claim against Defendants James Dawson, Thomas Newfell Land Robert K. Brooks (collectively, the "Individual Defendants") upon which relief can be granted.

### Second Defense

The Individual Defendants respond to the allegations of the Complaint, paragraph by paragraph, as follows:

1-2. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 and 2 and, therefore, leave the Plaintiffs to their proof.

3-6. The Individual Defendants admit the allegations contained in Paragraphs 3-6.

7. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, leave the Plaintiffs to their proof.

8. The Individual Defendants admit the allegations contained in Paragraphs 8.

9. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, leave the Plaintiffs to their proof. To the extent the allegations contained in Paragraph 9 refer to a document, The Individual Defendants assert that such document speaks for itself.

10. The Individual Defendants only admit that Plaintiffs were in the principal's office at the Fowler School in the afternoon of March 26, 2004. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, therefore, leave the Plaintiffs to their proof.

11. The Individual Defendants deny the allegations contained in Paragraph 11.

12. The Individual Defendants deny that Defendant Brooks ever threatened Plaintiff Schurman. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, therefore, leave the Plaintiffs to their proof.

13-18. The Individual Defendants deny the allegations contained in Paragraphs 13-18.

19. The Individual Defendants admit the allegations contained in Paragraph 19.

20. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, leave the Plaintiffs to their proof.

21. The Individual Defendants deny the allegations contained in Paragraph 21.

22. The Individual Defendants deny that any such letter was sought. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, leave the Plaintiffs to their proof.

23. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, leave the Plaintiffs to their proof.

24. The Individual Defendants deny that they made Plaintiff Boughey pick up Christopher at the Boys' Club. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and, therefore, leave the Plaintiffs to their proof.

25. The Individual Defendants deny the allegations contained in Paragraph 25.

### Count One
### (Section 1983 Violation against All Defendants)

26. The Individual Defendants repeat and make responses to Paragraphs 1-25 their responses to Paragraph 26 as if set forth herein.

27. The Individual Defendants deny the allegations contained in Paragraph 27.

**WHEREFORE**, the Individual Defendants assert that Plaintiffs' claim is without merit and that it should be dismissed.

## Count Two
### (Slander/Libel against All Defendants)

28. The Individual Defendants repeat and make responses to Paragraphs 1-27 their responses to Paragraph 28 as if set forth herein.

29. The Individual Defendants deny the allegations contained in Paragraph 29.

**WHEREFORE**, the Individual Defendants assert that Plaintiffs' claim is without merit and that it should be dismissed.

## Count Three
### (Intentional Infliction of Emotional Distress against All Defendants)

30. The Individual Defendants repeat and make responses to Paragraphs 1-29 their responses to Paragraph 30 as if set forth herein.

31. The Individual Defendants deny the allegations contained in Paragraph 31.

**WHEREFORE**, the Individual Defendants assert that Plaintiffs' claim is without merit and that it should be dismissed.

### Third Defense
The Individual Defendants are protected by Qualified Immunity.

### Fourth Defense
Defendant Brooks states that Plaintiff Susan Schurman committed an assault and battery on him while she was in the principal's office on March 26, 2004.

### Fifth Defense
The Individual Defendants' actions and conduct were performed according to and protected by law and/or legal process, and therefore, Plaintiff cannot prevail.

### Sixth Defense
The Individual Defendants had a conditional privilege to speak.

### Seventh Defense
School grounds are traditionally deemed nonpublic fora. <u>Anderson v. Milbank School</u>

District 25-4, 197 F.R.D. 682, 687 (D.S.D., 2000). See Grace Bible Fellowship, Inc. v. Maine School Administrative Dist. No. 5, 941 F.2d 45 (1st Cir. 1991).

Jury Demand

The Individual Defendants demand a jury on all counts so triable.

>Defendants,
>
>JAMES DAWSON, THOMAS NEWFELL, and ROBERT K. BROOKS,
>
>By their attorneys,
>
>**PIERCE, DAVIS & PERRITANO, LLP**
>
>_____
>John J. Davis, BBO #115890
>Daniel G. Skrip, BBO #629784
>Ten Winthrop Square
>Boston, MA 02110
>(617) 350-0950

Dated: January 20, 2005