UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*IN CLERKS FILED OFFICE*
*2005 JAN 21  P 1: 32*
*U.S. DISTRICT*
*DISTRICT OF COURT*
*MASS*

|  |  |
|---|---|
| THOMAS BOUGHEY and<br>SUSAN SCHURMAN,<br>   Plaintiffs,<br><br>v.<br><br>TOWN OF MAYNARD, JAMES<br>DAWSON, THOMAS NEWFELL<br>and ROBERT K. BROOKS,<br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. NO.: 2004-12010 WGY

## DEFENDANT TOWN OF MAYNARD'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COUNTS AGAINST IT

### Introduction

Plaintiffs' claims stem from an incident that took place at the Fowler (Middle) School in Maynard on March 26, 2004. Each of the Complaint's three counts are levied against, among others, Defendant Town of Maynard ("Maynard"):   Count I (Section 1983 Violation); Count II (Slander/Libel); and Count III (Intentional Infliction of Emotional Distress).  Maynard now moves to dismiss each part of each of those Counts to the extent they implicated Maynard because they fail to state a claim upon which relief can be granted.

Three legal precepts warrant the suggested dismissal:  a municipality cannot be found to be in violation of a Constitutional Right without proof of a policy or custom; a municipality cannot be liable under § 1983 under principles of vicarious liability or *respondeat superior;* and a municipality cannot be found to be liable for its employees' intentional torts.

**Argument**

I.    Motion to Dismiss Standard

In ruling on a motion under Fed.R.Civ.P. 12(b)(6), courts are to construe the Complaint in the light most favorable to the plaintiffs and the allegations are to be taken as true. Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1357. "Nevertheless, it is also well established that the pleading requirements are 'not entirely ... toothless.'" Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990), citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). For example, legal conclusions or opinions couched as factual allegations are not given a presumption of truthfulness. 2A J. Moore, Moore's Federal Practice ¶12.07[2.-5]. Moreover, each general allegation must be supported by a specific factual basis. Fleming, 922 F.2d at 23. The necessary factual averments are required with respect to each material element of the underlying theory. Id. at 24.

II.    As Against Maynard, Count I must Be Dismissed Because Count I Does Not Contain
Facts Sufficient to State a Claim for Municipal Liability under Federal Civil Rights Laws.

Plaintiffs cannot prevail against Maynard because they have not alleged that any official Maynard policy or custom caused the deprivation of their federally protected civil rights. Accordingly, the Court should dismiss Count I to the extent it pleads a claim against Maynard.

Municipalities are not liable under § 1983 under principles of vicarious liability or *respondeat superior* merely because they employ a tortfeasor. See Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 117 S.Ct. 1382, 1388 (1997); Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978). "In enacting § 1983, Congress did not intend to impose liability unless deliberate action attributable to a municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." Brown, 117 S.Ct.

2

at 1386; Monell, 436 U.S. at 694, 98 S.Ct. at 2027. In order to establish liability against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the alleged constitutional violation. Brown, 117 S.Ct. at 1388; Monell, 436 U.S. at 694, 98 S.Ct. at 2027. Requiring proof of a municipal policy "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id.

The plaintiff must also allege and prove a direct link between the policy statement or custom and the constitutional violation. Bowen v. City of Manchester, 966, F.2d 13, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference." Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 582 (1st Cir. 1994).

Plaintiffs do not allege that any official policy or custom of Maynard deprived them of their federally protected civil rights. (See Complaint, generally.) Furthermore, Plaintiffs do not allege any recurrence of alleged wrongdoing from which a pattern amounting to policy may be derived. Finally, the individually named-defendants are officers and a principal who are not alleged to have any manner of policymaking authority.

Plaintiffs do not allege sufficient facts to state a viable claim against Maynard under federal civil rights laws. Accordingly, the Court should dismiss Count I to the extent it is levied against Maynard.

III.   Counts II and III (As Against Maynard) must Be Dismissed Because
       Maynard Cannot Be Held Liable for Intentional Torts of its Agents.

In Count II, Plaintiffs allege they incurred damages as a result of Maynard (among others) "defam[ing] their good name". (Complaint, ¶ 29.) In Count III, Plaintiffs allege they incurred

3

damages as a result of Maynard (among others) "inflict[ing] emotional distress intentionally upon them". (Complaint, ¶ 31.) Since Massachusetts law precludes municipal liability for the intentional torts of Maynard's agents, the Court should dismiss Counts II and III as they relate to Maynard.

Public employers (such as Maynard) cannot be held liable for claims arising from the alleged intentional torts of their agents or employees. M.G. L., § 10(c) (public employer is immune from "any claim arising out of an intentional tort, including ... intentional mental distress, ... libel, [and] slander ... .") See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285 (1985). Sovereign immunity is an ancient doctrine which applies with full rigor today. See Sea-Land Serv., Inc. v. United States, 919 F.2d 888, 889 (3d Cir.1990) ("English legal doctrine that the sovereign is immune from suit to which it has not consented has been applied by courts in this country as vigorously as it had been in England") and New Hampshire Ins. Guaranty Ass'n v. Markem Corp., et al., 424 Mass. 344, 351 (1997). Sovereign immunity protects the public treasury against money judgments and public administration from interference by the courts at the behest of litigants except in instances and by procedures the Legislature has authorized. See New Hampshire Ins. Guaranty Ass'n, 424 Mass. at 351.

In 1978, the Massachusetts legislature responded to the Massachusetts Supreme Judicial Court's notice that the defense of sovereign immunity would be judicially abrogated by passing the Massachusetts Tort Claims Act, G.L. c. 258. See Bain v. City of Springfield, 454 Mass. 758, 763 (1997). Although the Massachusetts Tort Claims Act, M.G.L. c. 258, waived sovereign immunity with respect to certain tort claims under certain conditions, intentional torts were expressly excluded from this waiver. M.G.L. c. 258, § 10(c); Tilton v. Franklin, 24 Mass.App.Ct. 110, 113 (1987). In fact, Section 10(c) of the Tort Claims Act specifically references "intentional mental distress",

4

"libel" and "slander" in preserving segments of sovereign immunity.[1]  Massachusetts courts have consistently ruled that this immunity is in effect and bars claims of liability against the sovereign, including municipalities, unless consent to suit has been "expressed by the terms of a statute, or appears by necessary implication from them." New Hampshire Ins. Guaranty Ass'n, 424 Mass. at 763; see C & M Construction Co. v. Commonwealth, 396 Mass. 390, 392 (1985).

In order to be successful under Counts II and III, Plaintiffs would have to show intent. Whereas Maynard is immune to liability for the intentional acts of its employees, Plaintiffs cannot prevail against it under Counts II or III.  Accordingly, the Court should dismiss Counts II and III as they relate to Maynard.

---

[1]  Section 10(c) reads:

The provisions of sections one to eight, inclusive, shall not apply to:--

...

(c) any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations[.]

### Conclusion

For all of the above-stated reasons, the Complaint fails to state a claim for which relief can be granted with regard to Count I, II and III as they relate to Maynard.. Accordingly, the Court should dismiss that portion of those Counts that concern Maynard.

Respectfully submitted,

Defendant,
TOWN OF MAYNARD,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Davis, BBO #115890
Daniel G. Skrip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: January 20, 2005

I h……,                       …y of the
above docum…      …     …d upon (each
party appearing p… …  …i) the attorney
of rec… d for each …… party by mail for
by he— n 1- 2o o5

6