UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Thomas Boughey and Susan Schurman )<br>Plaintiffs )<br>)<br>Vs. )<br>)<br>James Dawson, et al )<br>Defendants ) | C.A. No. 2004-12010 WGY |

**PLAINTIFFS' OPPOSITION TO DEFENDANT,
TOWN OF MAYNARD'S MOTION TO DISMISS
PLAINTIFFS' CLAIMS AND FOR SEPARATE AND FINAL JUDGMENT**

In <u>Whitney v. City of Worcester</u>, 373 Mass. 208 (1977), the Supreme Judicial Court announced its intention to abrogate the doctrine of sovereign immunity if the state legislature did not take some action relative to the topic. A governmental tort claim act was enacted (M.G.L.A. c. 258, Section 113) which abolished governmental immunity in Massachusetts, making the Commonwealth and its counties, municipalities and districts liable for wrongful conduct of public employees acting within the scope of their employment.

A public employee is liable for intentional torts or for acts or omissions which constitute a violation of the civil rights of any person under Federal or State law. M.G.L.A. Ch. 258, S. 9.

The vigilant protection of constitutional freedoms is no where more vital than in the community of american schools. <u>Shelton v. Tucker</u>, 364 U.S. 479. School rules may not prohibit the distribution on school grounds by students of leaflets or other written expression. <u>Rissman v. School Committee of City of Quincy</u>, 439 F. 2d. 148 (1st Cir. 1971). It is unlawful for any public secondary school which receives federal financial assistance\

and which has a limited open forum to deny equal access, or a fair opportunity to, or discriminate against, any student who wish to conduct a meeting within the limited open forum on the basis of the religious, political, philosophical or other content of the speech at such meetings. <u>Hazelwood School District v. Kuhlmeier</u>, 484 U.S. 260.

State legislatures have conferred upon school boards broad control over curriculum and other educational matters, ostensibly to advance the state's objective to transmit to pupils the knowledge and values of the community deemed necessary to develop an educated citizenry. <u>Mailloux v. Kiley</u>, 323 F. Supp. 1387 (D. Mass.). Using this control, public school boards in alarming numbers have censored and banned books and physically intimidated citizens such as Boughey and Schurman in their exercise of First Amendment rights. Boughey and Schurman have had their First Amendment, Freedom of Expression violated by the defendants.

The ambiguous and irregular circumstances which presented a First Amendment violation of the plaintiffs' rights by irregular and ambiguous procedures:

(1) Thomas Boughey and Susan Schurman were physically removed from the secondary school by Maynard Police at the request of Robert Brooks. Boughey and Schurman, as parents of a school child, were exercising their First Amendment rights to voice protest over certain school policies. Schurman is a legitimate protester by her involvement for ten (10) years with issues in the community. Schurman's philosophy over education differed from Brooks. A violation of First Amendment rights.

(2) Accordingly Maynard Police Officers, James Dawson and Thomas Newfell, used physical intimidation upon Boughey by butting him with their stomachs on the premises of the school.

(3) The Town of Maynard and Robert Brooks denied Boughey physical access

2

to the school. Boughey was forced to pick up his son each day 1/4 mile from the school. This was done in open view of the entire school population. A violation of First Amendment rights.

(4)     The Town of Maynard, Brooks, Dawson and Newfell denied Boughey access to the buildings where Boughey could vote and where Maynard held town meetings. This was done by a written order with a threat of criminal complaints issued if he broke this directive or order. A violation of First Amendment rights.

(5)     Maynard Police, since March 2004, <u>followed</u> the plaintiffs around town while they are driving.

In <u>Pico v. Board of Education, Island Trees Union Fire School District No. 26</u>, 638 F. 2d 404 (2nd. Cir. 1980), the United States Court of Appeals for the Second Circuit was called upon to consider how, if at all, the First Amendment limits a school board's authority to remove books from a school library and curriculum. The Court was cognizant both of the school board's interest in and power over public education and the recognized First Amendment rights of school children and citizens. The Second Circuit correctly held that a school board's failure to articulate a clear motivation for removal of certain books from a school library and curriculum and the <u>ambiguous</u> and <u>irregular</u> circumstances of the removal presented a prime facie First Amendment violation. The Court concluded that in the presence of such suspected suppression of expression, a trial would be necessary to determine whether the board was acting in accordance with substantial and material educational motives and precisely drawn procedural criteria.

The assertion of a cognizable claim of First Amendment violations against Town of Maynard, Brooks, Dawson and Newfell places the burden on the defendants in

establishing both a material and substantial basis for interfering with First Amendment rights of Boughey and Schurman.

Judge Newman in <u>Pico</u> indicates that the critical issue was whether the school board's removal of the books tended to suppress <u>political ideas</u>, while the First Amendment does not safeguard all expression, <u>Miller v. California</u>, 413 U.S. 15 it is concerned with the vitality of the market place of ideas. To ensure the preservation of individual values, the first amendment limits the power of government to regulate, restrain or interfere with the content of expression. <u>Police Department v. Morley</u>, 408 U.S. 92.

Judge Sifton determined that the actions of the school board in <u>Pico</u> were "an unusual and irregular intervention into the school libraries operations by persons not routinely concerned with such matter and were conducted without clear explanation. Sifton concluded that the combination of the nebulous explanation offered by the school board for its actions and the procedural irregularities. . . Created a chilling effect. . . and established a prime facie First Amendment violation warranting <u>Judicial intervention</u>.

The defendants have conducted their affairs in an arbitrary, erratic and free-wheeling manner. Judge Newman, endorsing an expansive application of the First Amendment within the context of public schools, would find a First Amendment violation whenever a school board's actions condemned an idea. . . placed it beyond the pale of free discussion and scrutiny Judge Newman concluded that <u>threats</u> as well as actual prohibition have a chilling effect on free expression <u>Pico</u> at 933. <u>Village of Arlington Heights v. Metropolitan Housing Develop Corporation</u>, 429, U.S. 252 states: "Wherein the Court discussed the evidence that may be considered to determine the

4

motivating factor of an official body's action. The Court identified the following as significant in the determination. . . irregularities in standard procedure and substantive departures," The <u>Boughey</u> matter is riddled with irregularities in standard procedure and substantive departures. The defendants political motivation in their actions is consistent with the Supreme Court's sensitivity to the risk of suppressing political expression.

## Conclusion

Not every decision by municipal officers automatically subjects the municipality to liability. The fact that a particular official has discretion in the exercise of particular functions does not give rise to municipal liability bared on an exercise of that discretion unless the official is also responsible under state law, for establishing final governmental policy respecting such activity. Municipal liability under section 1983 attaches where, and only where, a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Pembaur v. City of Cincinnati*, 475 U.S. 469.

The defendants should be held liable under section 1983 for constitutional violations.

The plaintiffs,
by their attorneys,

*/s/ Damon Scarano*

Damon Scarano
60 Commercial Wharf
Boston, MA 02110
(617) 367-0395